CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 26 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ELIZABETH AMOS SMITH, | ) |
| | ) Civil Action No. 7:10-cv-385 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) By: Judge James C. Turk |
| Commissioner of Social Security, | ) |
| | ) Senior United States District Judge |
| Defendant. | ) |

Plaintiff Elizabeth Amos Smith ("Smith") brought this action for review of Defendant Michael J. Astrue's ("the Commissioner") final decision denying her claims for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). The Court referred the matter to United States Magistrate Judge Michael F. Urbanski for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Report and Recommendation, ultimately concluding that the Commissioner's decision was supported by substantial evidence and remand was not appropriate in this case. Plaintiff Smith timely filed objections to the Report and Recommendation. The Commissioner responded to Smith's objections and a hearing was held. Having reviewed de novo the Report and Recommendation, the Plaintiff's objections thereto, and the pertinent portions of the record, the Court agrees with, and adopts in full, the Magistrate Judge's recommendation. Accordingly, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED.

I. Standard of Review

When objections are made to the Magistrate Judge's decision on dispositive matters, this Court reviews the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1) (2006); Fed. R. Civ. Pro. 72(b)(3); Orpiano v. Johnson, 687 F.2d 44, at *48 (4th Cir. 1982). A court must

determine whether the Commissioner's findings are supported by substantial evidence and whether they were reached through the application of the correct legal standards. See 42 U.S.C. § 405(g) (2006); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Accordingly, a reviewing court may not substitute its judgment for that of the Commissioner, but instead must defer to the Commissioner's determinations if they are supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but it is "more than a mere scintilla of evidence [though] somewhat less than a preponderance," Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

## II. Discussion

The Magistrate Judge determined that substantial evidence supported the Administrative Law Judge's ("ALJ") conclusion that despite Smith's pain and functional limitations, the medical record failed to document the existence of any condition that would reasonably be expected to result in total disability from all forms of substantial gainful employment. Additionally, the Magistrate Judge decided that remand under sentence six of 42 U.S.C. § 405(g) was not appropriate because there was no medical evidence demonstrating that Smith's cancer was present prior to her date last insured. Smith objected to both of the Magistrate Judge's conclusions. Specifically, Smith argued that (1) the Magistrate Judge erroneously found the ALJ's rejection of Dr. Young's opinions was proper, (2) the Magistrate Judge erroneously concluded that the ALJ properly evaluated the Plaintiff's pain complaints and the Plaintiff's credibility; and (3) the Magistrate Judge erred in failing to remand the Plaintiff's case for consideration of new evidence.

After conducting a de novo review of the record in this case, the Court accepts the Magistrate Judge's Report and Recommendation in full and finds that the Commissioner's final decision is supported by substantial evidence. In making this finding, the Court overrules Smith's objections to the Report and Recommendation. These objections are addressed in turn below.

### A. Substantial Evidence Supports the ALJ's Rejection of Dr. Young's Opinion

Smith argues that the ALJ erred by failing to properly consider the opinion of her chiropractor, Dr. Kathryn Young. She asserts that Dr. Young's opinion should be considered as evidence from "other sources," pursuant to 20 C.F.R. § 404.1513(d)(1). In support of her position, Smith argues that Dr. Young has treated her since 1992 and notes that Dr. Young's opinions are very detailed because they are based both on Dr. Young's examinations of Smith and also on Dr. Young's review of objective medical records. However, after a de novo review of the record, this Court finds that the ALJ's rejection of Dr. Young's opinion was supported by substantial evidence.

Under 20 C.F.R. § 404.1513(d)(1) the ALJ is permitted to consider evidence from persons who do not qualify as "acceptable medical sources," specified in § 404.1513(a), "to show the severity of [the claimant's] impairment(s) and how it affects [the claimant's] ability to work." However, in order to be given weight *any* medical evidence must be well supported and be consistent with the other record evidence. See Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006) (noting that two of the criteria the Commissioner must consider when evaluating and weighing medical opinions are "the supportability of the physician's opinion" and "the consistency of the opinion with the record"). If an opinion is not supported by the medical evidence or is otherwise inconsistent with the record it may be given "significantly less weight." Craig v. Charter, 76 F.3d 585, 590 (4th Cir. 1996).

3

First, Dr. Young's opinion is not well supported by the record evidence. Although the record indicated that Dr. Young had treated Smith on and off since 1992, Dr. Young did not include any treatment notes from that 16 year period in her report. Indeed, Dr. Young's determination of disability appears to be based primarily on observations of Smith during Smith's intake evaluation completed on October 14, 2008, and not on Dr. Young's 16 year history of treating Smith.[1] To the extent the determination is based on a review of Smith's medical records, this Court notes that many of those records were prepared by doctors with specialties that lie outside of Dr. Young's own area of expertise.

Second, Dr. Young's opinion regarding Smith's limitations is not consistent with the other record evidence.[2] Specifically, Dr. Young's testimony regarding Smith's functional limitations is contradicted by the opinions of the State agency consultants, her own testimony regarding her physical limitations, and the testimony of the vocational expert. The record indicates that two medical consultants, Drs. Surruco and McGuffin, reviewed Smith's file for the State. Each doctor concluded that Smith was not disabled from all work. Drs. Surruco and McGuffin both opined that Smith could stand and/or walk for a total of 6 hours and could sit for a total of 6 hours. (R. 368, 376). At the hearing before the ALJ, Smith testified that she was able to feed her pets, collect eggs from her chickens, do the dishes, do the laundry, do some cooking, bathe and dress herself, and walk around the yard after her pet duck. (R. 46, 48, 54). Finally, the vocational expert testified that there were jobs in the national economy that Smith could perform based on her limitations as described by Drs. Surruco and McGuffin. (R. 59-62).

---

[1] Prior to Dr. Young's disability diagnosis in October 2008, there are no records from Dr. Young other than a certificate for a lumbrosacral brace in 1994, (R. 338), a certificate for tennis elbow supports in 1998 (R. 346 - 47), and a certificate for a carpal tunnel support in 1999 (R. 318).

[2] The Court accepts Smith's argument that Dr. Young's opinion is consistent with the record evidence in so far that the record evidence reflects Smith's diagnoses of fibromyalgia and headaches. However, as explained more fully in Section II.B, the relevant inquiry is whether these conditions render smith unable to work.

In light of the gap in Dr. Young's records and complete lack of treatment notes to support Dr. Young's opinion, as well as the inconsistencies between Dr. Young's opinion and the record evidence as a whole, this Court finds that the ALJ's decision to afford Dr. Young's opinion regarding Smith's functional limitations "little weight in its entirety" was supported by substantial evidence. (R. 24).

**B. Substantial Evidence Supports the ALJ's Conclusion That Smith's Complaints of Pain Were Not Credible**

Smith asserts that the ALJ improperly evaluated her complaints of pain and erred in concluding that her pain complaints were not credible. While this Court does not dispute that Smith suffers from pain, the Court notes that whether or not Smith suffers from pain is not the determinative question in the context of this appeal. The relevant inquiry is whether the impairment, in this case Smith's pain, is accompanied by functional limitations that render Smith unable to work. See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("Pain is not disabling per se...."). Thus, the ALJ correctly considered whether Smith's pain was "so severe as to be disabling." (R. 25).

After undertaking a de novo review of the record, the Court finds that the ALJ's determination that Smith's complaints of pain were "not entirely credible" is supported by substantial evidence. (R. 25). The record reveals that Smith's subjective complaints of pain are not supported by the record medical evidence. Without going through all the contradictory record evidence, the Court notes three main areas of contradiction. First, Smith's own testimony regarding her daily activities, which included walking around her yard, feeding her pets, cleaning, laundry, retrieving chicken eggs, and light cooking, demonstrates that the pain from which she suffered was not disabling. Furthermore, based on their review of the record

5

evidence, Drs. Surruco and McGuffin determined that Smith's subjective complaints were only "partially credible." (R. 373, 382).

Second, the record indicates that Smith's pain improved with medication and treatment. For example, Smith's reports of constant headaches were ameliorated and pain reduced by Dr. Scherer's modification of Smith's medication. (R. 406). Improvement of pain through medication or treatment is relevant because "if a symptom can be reasonably controlled by medication or treatment, it is not disabling." Gross, 785 F.2d at 1166 (citing Purdham v. Celebrezze, 349 F.2d 828, 830 (4th Cir. 1965); 20 C.F.R. § 404.1530).

Third, the Court finds it persuasive that the pain associated with Smith's fibromyalgia diagnosis, which was made at age 25, did not prevent Smith from working previously or caring for her aging mother. (R. 40, 41). Additionally, the Court notes that Smith did not allege an increase in the severity of her pain. Id. In light of the significant contradictory record evidence, the Court finds that the ALJ's decision to discount Smith's complaints of pain was supported by substantial evidence.

## C.  The Magistrate Judge Properly Denied Smith's Request for Remand

Smith argues that remand is appropriate in this case, pursuant to sentence six of 42 U.S.C. § 405(g), to allow the Commissioner to consider new medical evidence documenting Smith's diagnosis with metastatic, non-small cell lung carcinoma. Smith asserts that her cancer diagnosis relates to her condition prior to her last day insured, March 31, 2009. However, the Magistrate Judge found, and this Court agrees, that Smith failed to produce any medical evidence indicating she had cancer prior to her date last insured. Thus Smith has failed to satisfy the requirements for remand.

To remand the case pursuant to sentence six, the plaintiff must show that:

> (1) the evidence is *relevant to the determination of disability at the time the application was first filed* and not simply cumulative; 2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has presented to the remanding court at least a general showing of the nature of the newly discovered evidence.

Wood v. Astrue, No. 2:10-509, 2011 WL 1002874, at * 4 (quoting Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985) (emphasis added).[3]

Smith bases her argument that her cancer existed prior to her date last insured primarily on the fact that she (1) "had the signs and symptoms of what was ultimately diagnosed as non-small cell carcinoma," and that (2) her cancer, which is considered slow-growing, had already metastasized to her liver and bone by the time it was discovered. (Pl.'s SJ. Br. at 23). Thus, Smith argues it is appropriate to conclude that the cancer had been present in her body for a long period of time but was undiagnosed. Id. However, even Smith's own treating oncologist, Paul Richards, M.D., was unwilling to attest to the cancer's existence prior to March 31, 2009. When Richards was asked if there was any evidence, within a reasonable degree of medical certainty, that Smith's cancer existed prior to March 31, 2009, he replied "There is no way to know unless there were x-rays done somewhere prior to March 31, 2009." (Pl.'s SJ. Br. at Ex. E). Therefore, this Court agrees with the Magistrate Judge that to conclude Smith had cancer prior to March 31, 2009, would require the Court to engage in pure speculation. Because Smith has produced no medical evidence of her cancer's existence prior to her date last insured, this Court finds that

---

[3] Although Borders was superseded by statute, 42 U.S.C. § 405(g), as recognized in Wilkins v. Sec'y, Dept. of Health and Human Servs., 925 F.2d 769, 774 (4th Cir. 1991), and Wilkins itself was subsequently vacated, courts in the Fourth Circuit have continued to rely on the Borders four-part test. Wood, 2011 WL 1002874, at *4 n.3 ("the Fourth Circuit has continued to cite Borders as the authority on the requirements for new evidence when presented with a claim for remand based on new evidence, and the U.S. Supreme Court has not suggested that the Borders construction of § 405(g) is incorrect.") (citing Ashton v. Astrue, No. 09-1107, 2010 WL 3199345, at *3 n. 4 (D. Md. Aug.12, 2010); Brooks v. Astrue, 2010 WL 5478648, at *8 & n. 4 (D.S.C. Nov. 23, 2010)).

7

Smith has failed to satisfy the requirement that the new evidence be "relevant to the determination of disability *at the time the application was first filed*," Wood, 2011 WL 1002874, at *4 (emphasis added), and thus remand would be inappropriate.

### III. Conclusion

After a de novo review of the record, this Court finds that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation in full and overrules Smith's objections. An appropriate order shall this day issue.

The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to all counsel of record.

ENTER: This 26th day of October, 2011

/s/ James C. Turk

Senior United States District Judge